JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-11528-RGK-AS | Date | November 5, 2026 |
| Title | ***Voyager Indemnity Insurance Company v. Alfredo Mendoza*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Court Trial on the Briefs; Judgment**

## I. INTRODUCTION

This case concerns insurance bad faith. Plaintiff Voyager Indemnity Insurance Company ("Voyager") issued a Fleet Auto Rental Insurance Policy (the "Policy") to Ryde, Inc., a company that allows private automobile owners to rent their luxury or classic vehicles. In January 2019, through Ryde's platform, Irshaad Tarr rented his vehicle to Rhonda Rothstein. Rothstein got into an accident seriously injuring Defendant Alfredo Mendoza. Mendoza presented a claim to Voyager for his injuries, but they disputed the Policy's liability limit. While Mendoza's underlying action against Ryde, Tarr, and Rothstein was pending in state court (the "State Action"), this Court entered a declaratory judgment that the Policy limit for Rothstein is $250,000. (*See Voyager Indemn. Ins. Co. v. Mendoza*, No. 2:23-cv-00339-RGK-AS (C.D. Cal. Dec. 21, 2023), ECF No. 54 ("*Voyager I*").)

On December 3, 2025, Voyager filed the instant action seeking a second declaratory judgment that: (1) Voyager did not breach its duty to settle in good faith because the applicable sub-limit for Rothstein is $250,000 and Mendoza never offered to settle within that limit; and (2) the other liability limits for Ryde and Tarr are inapplicable because Ryde and Tarr were absolved of liability in the State Action. (ECF No. 1.)

Presently before the Court is Voyager and Mendoza's Court Trial on the Briefs. After considering the briefs and the relevant evidence, the Court **ENTERS JUDGMENT** for Defendant Mendoza as to the first part of Voyager's request for declaratory relief that Voyager did not breach its duty to settle in good faith. The Court **ENTERS JUDGMENT** for Plaintiff Voyager as to the second part of its request for declaratory relief that the liability limits for Ryde and Tarr are inapplicable.

## II. FINDINGS OF FACT

The following facts are undisputed:[1]

### A. The Policy's Liability Limits and Incident

In December 2018, Voyager issued the Policy to Ryde. (Joint Statement of Undisputed and Disputed Facts ("JSUDF"), ECF No. 47, at ¶ 2.) The Policy provided liability coverage of up to $1,000,000 to Ryde and Tarr, as the owner of the vehicle through Ryde's platform. (*See* ECF No. 44-1, Ex. 1.) The Policy also provided a liability sub-limit for Rothstein as a renter of Tarr's vehicle, which would be either (1) three times the state-required minimum; or (2) the insurance coverage maintained by the owner of the vehicle, whichever amount was greater. (*Id.*)

On January 9, 2019, while operating Tarr's vehicle, Rothstein got into an accident with Mendoza, which resulted in Mendoza's serious injuries. (JSUDF ¶ 9.) On December 28, 2020, Mendoza filed the State Action against Ryde, Tarr, and Rothstein. *See Mendoza v. Rothstein*, No. 20STCV49503 (Cal. Super. Ct.).

### B. The Settlement Demands

On February 23, 2021, Mendoza's counsel sent a letter to Voyager's third-party adjuster demanding the "policy limits," without identifying a dollar amount, to release all claims arising from the accident. (*Id.* at ¶¶ 11-12.) The demand was set to expire on March 25, 2021. (*Id.* at ¶ 11.) On March 10, 2021, the adjuster replied via email that the "limits are 1M combined BI/PD" and did not discuss the sub-limit for Rothstein. (*Id.* at ¶¶ 13-14.)

On March 24, 2021, Voyager's counsel advised that there was no liability for Ryde and Tarr, and that liability for Rothstein would be governed by the sub-limit under the Policy. (*Id.* at ¶ 15; ECF No. 44-1, Ex. 5.) Since the state-required minimum was $15,000, Voyager's counsel stated that the coverage for Rothstein was "potentially only $45,000." (ECF No. 44-1, Ex. 5) Voyager did not discuss the sub-limit for Rothstein pursuant to Tarr's insurance coverage. (*Id.*) Mendoza again demanded $1,000,000 based on the adjuster's prior representation, which Voyager declined. (*Id.*; JSUDF ¶ 13.)

On April 15, 2021, Mendoza served a renewed demand for $1,000,000, which Voyager again declined. (JSUDF ¶ 20.) Voyager explained that Mendoza had not alleged facts regarding liability as to Ryde or Tarr and that the Policy's sub-limit governed Rothstein's coverage. (*Id.*) Voyager further

[1] Voyager filed a Motion in Limine to Exclude Witnesses and Evidence Not Timely Disclosed. (ECF No. 33.) The Court does not rely on any witness or evidence that was not disclosed but instead relies solely on the undisputed facts stipulated in the parties' Joint Statement of Undisputed and Disputed Facts (ECF No. 47). Accordingly, Voyager's Motion in Limine is **DENIED as moot**.

explained that three times the state-required minimum was $45,000 and that Voyager was "unaware" of Tarr's insurance coverage. (ECF No. 44-1, Ex.8.) Mendoza subsequently served an offer of compromise for $750,000. (JSUDF ¶ 23.)

On July 21, 2022, the Superior Court in the State Action granted summary judgment in favor of Tarr. (*Id.* at ¶ 24.) Notwithstanding Tarr's dismissal, Mendoza again demanded $1,000,000 on September 19, 2022. (JSUDF ¶ 25.)

**C. Subsequent Demands After Voyager Confirms Sub-Limit Coverage**

On October 4, 2022, Voyager confirmed that Tarr maintained insurance coverage for $250,000 and wrote to Mendoza to tender that amount. (*Id.* at ¶¶ 26-28.) Thus, nineteen months had passed between Mendoza's initial demand letter and Voyager's tender of Rothstein's sub-limit for $250,000. (*Id.* at ¶ 48.) Mendoza rejected the $250,000 settlement offer and re-demanded $1,000,000. (*Id.* at ¶ 29.)

On December 21, 2023, this Court determined that the applicable sub-limit for Rothstein is $250,000. (*See Voyager I.*) On March 8, 2024, Mendoza demanded $750,000 to settle his claim against Rothstein. (*Id.* at ¶ 34.) Voyager declined and offered the full $250,000 limit. (*Id.* at ¶ 35.)

On September 24, 2025, the Superior Court in the State Action granted summary judgment in favor of Ryde. (*Id.* at ¶ 36.) Thus, only Rothstein remained exposed to liability for Mendoza's injury. (*See id.*) On December 11, 2025, the jury in the State Action issued its verdict against Rothstein for $1,975,000. (*Id.* at ¶ 37.) On December 15, 2025, Mendoza demanded $2,100,000, which Voyager rejected and instead offered $250,000 to release Rothstein. (*Id.* at ¶¶ 39-40.) Mendoza never accepted any of Voyager's offers to settle his claim against Rothstein for $250,000. (*Id.* at ¶ 44.)

## III. CONCLUSIONS OF LAW

Voyager seeks a declaration that: (1) Voyager did not breach its duty to settle in good faith; and (2) the other liability limits for Ryde and Tarr are inapplicable. Mendoza does not dispute that the liability limits for Ryde and Tarr are inapplicable. Based on that the State Court Action granted summary judgment for Ryde and Tarr and absolved them of liability, the Court finds in favor of Voyager as to its second request for declaratory relief that the liability limits for Ryde and Tarr are inapplicable. Thus, the remaining issue is whether Voyager breached its duty to settle in good faith.

Voyager argues that it did not breach its duty to settle in good faith because Mendoza only demanded $750,000 or $1,000,000, which exceeded the sub-limit of $250,000. Mendoza argues that Voyager breached its duty to settle in good faith because it failed to timely investigate its own policy limit by waiting nineteen months before disclosing and tendering the applicable sub-limit, during which Mendoza had already been litigating the State Action for years. Mendoza further argues that Voyager

could have readily ascertained the amount of the sub-limit by simply asking its own insured Tarr, and thus there was no justification for the nineteen-month delay.

"In California, an insurer operates under a good-faith duty to accept a settlement." *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 426 (9th Cir. 1976) (citing *Crisci v. Sec. Ins. Co.*, 66 Cal.2d 425 (1967)). "Delayed payment because of inadequate or tardy investigations and oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable may also breach the implied covenant." *Marderosian v. Nationwide Mut. Ins. Co.*, 2020 WL 4787998, at *8 (C.D. Cal. June 1, 2020) (cleaned up). Moreover, "bad faith liability may indeed be predicated on a refusal to disclose policy limits." *Boicourt v. Amex Assurance Co.*, 78 Cal. App. 4th 1390, 1394 (2000). "This rule prevents an insurer from benefitting from breach of an underlying duty that would otherwise shield it from liability for breach of duty to accept a reasonable settlement demand." *Hedayati v. Interinsurance Exch. of the Auto. Club*, 67 Cal. App. 5th 833, 845 (2021) (citing *Safeco Ins. Co. of Am. v. Parks.*, 170 Cal. App. 4th 992, 1008-09 (2009)).

Here, the Court finds that Voyager breached its duty to settle in good faith because it breached its underlying duty to timely investigate and disclose the applicable sub-limit. When Mendoza first demanded the policy limit, Voyager's adjuster represented that the limit was $1,000,000. Voyager then attempted to clarify that the sub-limit for Rothstein controlled, but Voyager still failed to disclose that the sub-limit was $250,000. Instead, Voyager admitted that it was "unaware" if Tarr possessed coverage and thus offered to settle the claim against Rothstein for three times the state-required minimum—$45,000. Only after nineteen months had passed, during which Mendoza pursued his damages in the State Action for multiple years, did Voyager disclose that the sub-limit for Rothstein was in fact $250,000. *See Kim v. Mapfre Ins. Co.*, 2020 WL 2790011, at *4 (C.D. Cal. Mar. 17, 2020) (reasonable juror can find that defendant failed to timely investigate claim and pay claim five months after plaintiff's demand). Voyager presents no rebuttal evidence justifying its delay in investigating the sub-limit nor refuting that the amount of Tarr's insurance coverage could have been readily ascertained by inquiring its own insured. Accordingly, the Court finds that the nineteen-month delay in investigating and disclosing the applicable sub-limit was unreasonable.

Thus, the Court **ENTERS JUDGMENT** for Defendant Mendoza as to the first part of Voyager's request for declaratory relief that Voyager did not breach its duty to settle in good faith. The Court **ENTERS JUDGMENT** for Plaintiff Voyager as to the second part of its request for declaratory relief that the liability limits for Ryde and Tarr are inapplicable.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **ENTERS JUDGMENT** for Defendant Mendoza as to the first part of Voyager's request for declaratory relief that Voyager did not breach its duty to settle in good

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-11528-RGK-AS | Date | November 5, 2026 |
| Title | ***Voyager Indemnity Insurance Company v. Alfredo Mendoza*** | | |

faith. The Court **ENTERS JUDGMENT** for Plaintiff Voyager as to the second part of its request for declaratory relief that the liability limits for Ryde and Tarr are inapplicable

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE